IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01550-CMA-KLM

HUNTER ADAM MELNICK,

     Plaintiff,

v.

RODNEY ACHEN, Case Manager,
LORI STALCAR, Mental Health Supervisor,
ALLISON V. ROWLAND, Mental Health Therapist,
LAURA BORREGO-GIBBS, SOTMP Supervisor,
KRISTY STANSELL, SOTMP Therapist,
AMY MOELLENBERG, CPO, and
MELISSA LAWRENCE,

     Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION (DOC. # 92)

---

This matter is before the Court on the Motion for Reconsideration filed by Plaintiff Hunter Melnick. (Doc. # 92). Melnick challenges this Court's Order (Doc. # 87) dismissing a portion of his fifth claim for relief ("Claim Five"). The Motion is denied for the following reasons.

## I.     BACKGROUND

This is a 42 U.S.C. § 1983 case involving alleged violations of Plaintiff's constitutional rights. In 2006, Plaintiff Hunter Melnick was convicted of sexual assault in Douglas County, Colorado. *See Melnick v. Raemisch*, 2021 WL 4133919 at *1 (D. Colo. September 10, 2021). He was sentenced to an indeterminate sentence of three years to

life in the custody of the Colorado Department of Corrections ("CDOC"),[1] followed by a mandatory period of parole. *Melnick v. Raemisch*, 2021 WL 4133919 at *1. Melnick is now suing various CDOC employees and officials under 42 U.S.C. § 1983, alleging violations of his constitutional rights.[2] (Doc. # 10).

The Motion for Reconsideration concerns Melnick's fifth claim for relief ("Claim Five"). Claim Five asserts, in relevant part, that Defendant Stansell[3] violated Plaintiff's Fourteenth Amendment rights when she "terminated Plaintiff from treatment without a hearing[.]" (Doc. # 10, p. 7). Defendants moved to dismiss Claim Five, (Doc. # 28), and the Court referred the Motion to Magistrate Judge Mix (Doc. # 29).

Construing Melnick's pro-se Complaint liberally, Judge Mix read this portion of Claim Five[4] as asserting a procedural due process claim under the Fourteenth Amendment. (Doc. # 71, p. 12). Specifically, Judge Mix read the Complaint as asserting that Melnick had a right to sex-offender treatment, and that he was denied treatment

---

[1] *See* Colorado Department of Corrections offender search, available at https://www.doc.state.co.us/oss/.

[2] This is one of at least ten federal lawsuits Melnick has filed in the last four years challenging various aspects of his conviction, sentence, and incarceration. *See Melnick v. Camper*, Case No. 1:18-cv-02885-CMA-KLM; *Melnick v. Raemisch et al.*, Case No. 1:19-cv-00154; *Melnick v. Gamblin et al.*, Case No. 1:20-cv-02284-CMA-KLM; *Melnick v. Polis et al.*, Case No. 1:21-cv-01695; *Melnick v. US Bank National Association*, Case No. 1:21-cv-03112-CMA-KLM; *Melnick v. Polis et al.*, Case No. 1:21-cv-03316-GPG; *Melnick v. Colorado State Board of Parole*, Case No. 1:19-cv-00654-LTB-GPG; *Melnick v. Polis et al.*, Case No. 1:21-cv-00717-LTB-GPG; *Melnick v. Polis*, Case No. 1:21-cv-908-CMA.

[3] Although the parties agree that Stansell is a CDOC employee (*see* Doc. # 90, ¶ 5), it is not clear what job title she holds.

[4] Another portion of Claim Five asserted a First Amendment retaliation claim. (*See* Doc. # 71, pp. 8-10). That claim is not at issue in the Motion for Reconsideration.

without due process. (Doc. # 71, p. 12). Although this liberal construction of the

Complaint brought Claim Five closer to viability, Judge Mix nevertheless recommended

dismissing the claim under F.R.C.P. 12(b)(6) on the ground that Plaintiff had failed to

allege sufficient facts to support a due process claim. (Doc. # 71, pp. 15-16). The Court

affirmed and adopted this aspect of Judge Mix's recommendation. (Doc. # 87, pp. 8,

11).

Melnick now challenges this portion of the Court's dismissal order. He argues,

"there is case law to support that in this District sex offender treatment is mandatory to

get released on parole, therefore there is a liberty interest in procedural and substantive

safeguards to make sure the process is fair before it is taken away." (Doc. # 92, p. 2).

Therefore, Melnick contends, the Court should "make the 14th amendment due process

claim for claim 5 viable." (Doc. # 92).

## II.   LEGAL STANDARD

"A motion to reconsider must be made upon grounds other than a mere

disagreement with the court's decision and must do more than rehash a party's former

arguments that were rejected by the court." *Artificial Nail Techs., Inc. v. Flowering

Scents, LLC*, No. 2:06CV609DAK, 2007 WL 3254744, at *2 (D. Utah Nov. 2, 2007); *see

also Vreeland v. Huss*, No. 118CV00303PABSKC, 2020 WL 3447768, at *2 (D. Colo.

June 24, 2020) (quoting *Artificial Nail Techs.*). Motions for reconsideration are generally

appropriate only when there is (1) an intervening change in the controlling law; (2) new

evidence previously unavailable; or (3) a need to correct clear error or prevent manifest

injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Melnick has not cited any new evidence or change in the controlling law. (*See* Doc. # 92). Therefore, the Court will review its dismissal order to determine whether reconsideration is necessary to correct a clear error or prevent manifest injustice.

### III.   ANALYSIS

Melnick argues that Defendant Stansell violated his due process rights when she "terminated Plaintiff from treatment without a hearing[.]" (Doc. # 10, p. 7). This vague and conclusory statement, standing alone, does not establish a due process claim. To allege a viable due process claim, a plaintiff must allege facts which, if true, would prove that (1) he had a protected interest that was subject to due-process protections; and (2) that he did not receive an appropriate level of process. *Farthing v. City of Shawnee, Kan.*, 39 F. 3d 1131, 1135 (10th Cir. 1994). Melnick's Complaint simply did not do that: the Complaint fails to explain what "treatment" Melnick was receiving; fails to state that Melnick had a protected interest in receiving such treatment; and fails to provide any factual detail about the alleged termination from treatment. (*See* Doc. # 10, p. 7). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Melnick's unadorned, conclusory allegations did not satisfy this standard.

Nevertheless, Judge Mix, applying the lenient pleading standard for pro-se litigants, construed Melnick's allegations liberally. *See Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991) ("if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's

4

failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements."). Noting that Melnick had clarified "treatment" to mean "sex-offender treatment" in subsequent pleadings, (Doc. # 71, p. 12), Judge Mix construed Melnick's Complaint as alleging that he had been terminated from sex-offender treatment without due process.

This generous construction of Melnick's allegations brought his due process claim closer to viability. In Colorado, sex-offender treatment is sometimes a prerequisite to being granted parole. *See* Colo. Rev. Stat. § 18-1.3-1004(3) ("Each sex offender sentence pursuant to this section shall be required as a part of the sentence to undergo treatment to the extent appropriate pursuant to section 17-11.7-105, C.R.S."); *see also* C.R.S. § 16-11.7-105(1) (requiring adult sex offenders "to undergo treatment to the extent appropriate[.]"). Therefore, some judges in this district have found that a person serving a criminal sentence for a sex offense has a protected liberty interest in receiving sex offender treatment *if* such treatment is a mandatory prerequisite to being granted parole. *See Beebe v. Heil*, 333 F. Supp. 2d. 1011, 1016 (D. Colo. 2004) (where sex-offender treatment is a mandatory prerequisite to parole, withholding such treatment would constitute a "a grievous loss to the inmate[.]" (internal quotations omitted)); *see also Tillery v. Raemisch*, 2018 WL 4777411 at (D. Colo., Oct. 3, 2018). Nevertheless, Judge Mix concluded that Melnick's Complaint failed to establish a protected interest in sex-offender treatment in this case. Judge Mix noted that, under Colorado law "the parole board [retains] its discretion to grant or deny parole regardless of whether the treatment criteria have been met." (Doc. # 71, p. 14 (quoting *Conkleton v. Raemisch*,

5

603 F. App'x 713, 715 (10th Cir. 2015) (internal quotation marks omitted)). Because

Melnick does not allege facts to suggest that sex-offender treatment was a mandatory

prerequisite to parole being granted in his case, he has failed to establish a protected

liberty interest in receiving such treatment, and his due process claim cannot survive.

Further, as Judge Mix explained in her Recommendation, an earlier version of

Melnick's Complaint, revealed that he was not actually "terminated" from sex offender

treatment.[5] (Doc. # 71, p. 15; *see also* Doc. # 1, p. 25). Rather, his treatment was

temporarily delayed after Melnick allegedly refused to participate. (Doc. # 71, p. 15;

Doc. # 1, p. 25). The record reveals that Melnick was, in fact, granted parole. (*See* Doc.

# 33, p. 8; Doc. # 28, p. 3). Thus, it does not appear that Defendants' conduct has

significantly impacted Melnick's ability to obtain parole. *See Steffey v. Orman*, 461 F.3d

1218, 1221 (10th Cir.2006) ("A due process claim under the Fourteenth Amendment

---

[5] Typically, in the context of motion to dismiss, the court confines its analysis to the factual allegations within the four corners of the complaint. *See, e.g., Casanova v. Ulibarri,* 595 F.3d 1120, 1125 (10th Cir. 2010). In cases like this one, however, where the plaintiff is pro se and the complaint is difficult to parse, the court may sometimes consider facts or legal theories asserted in other court filings. *See, e.g. Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[I]t might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint ..."); *Peoples v. Wichita State Univ.*, No. 18-1010-JWB, 2018 WL 5013488, at *2 (D. Kan. Oct. 16, 2018) ("[G]iven Plaintiff's pro se status, the fact that the allegations in his response amplify and are consistent with the allegations in the Amended Complaint, and the liberal pleading standards of Fed. R. Civ. P. 15(a) that would likely allow Plaintiff to add these allegations to the complaint by amendment, the court will consider the allegations in Plaintiff's response for purposes of the instant motion."). Further, Courts may consider matters outside the pleading if the document is "referred to in the complaint," is "central to the plaintiff's claim," and the "parties do not dispute the document['s] authenticity." *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (explaining that on Rule 12(b)(6) motions to dismiss, a court "may consider in addition to the complaint, documents incorporated by reference into the complaint ... and documents plaintiff[ ] relied upon in bringing suit."). Such is the case with the documents referenced by Magistrate Judge Mix.

can only be maintained where there exists a constitutionally cognizable liberty or property interest which the state has interfered.").

Melnick argues, however, that "there is case law to support that in this District sex offender treatment is mandatory to get released on parole, therefore there is a liberty interest in procedural and substantive safeguards to make sure the process is fair before it is taken away." (Doc. # 92). In support of this argument, he cites *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004); *Blum v. Clements*, 2012 WL 2502995 (D. Colo. 2012); *Tillery v. Raemisch* 2018 WL 4777411 (D. Colo. 2018); and *U.S. v. Von Behren*, 822 F. 3d 1139 (10th Cir. 2016)). (Doc. # 92, p. 1). The Court finds the cited cases to be either distinguishable or inapposite.[6]

The Court has already addressed *Beebe* and *Tillery*, and it finds them to be distinguishable for the reasons set forth above. Specifically, the plaintiffs in those cases were both incarcerated; they alleged that sex-offender treatment was a mandatory prerequisite to being granted parole; and they alleged that they were being denied access to sex offender treatment, which would result in a *de facto* life sentence if they were not granted relief by the court. Melnick, by contrast, has failed to allege that sex-offender treatment was mandatory in his case; he has failed to plausibly allege that he was denied treatment; and he has already been released on parole. Thus, *Beebe* and *Tillery* do not compel a different outcome.

---

[6] The Court's dismissal order stated that Melnick had "cite[d] no authority . . . to suggest that a prisoner has a protected interest in sex-offender treatment." (Doc. # 87, p. 8). This statement was incorrect. Melnick had in fact cited to *Beebe* in his Response to the Motion to Dismiss. However, for the reasons stated below, Melnick has failed to demonstrate that this inaccuracy in the Court's prior order entitles him to a different result.

Furthermore, Tenth Circuit authority suggests that *Beebe* may not apply in cases, like this one, in which sex-offender treatment has been delayed or denied, rather than revoked:

> Irrespective of whether a liberty interest would exist under the circumstance of *Beebe*, there is a very material difference between prison administrators terminating an inmate's participation in a sex-offender treatment program and such administrators refusing an inmate's reentry to the program because he refuses to abide by generally applicable requirements for program participation. As Judge Friendly put it, "there is a human difference between losing what one has and not getting what one wants."

*Doe v. Heil*, 533 F. App'x 831, 842–43 (10th Cir. 2013), (quoting Henry J. Friendly, Some Kind of Hearing, 123 U. Pa. L.Rev. 1267, 1296 (1975) (additional internal quotations omitted)).

The remaining cases, *Blue* and *Von Behren*, are inapposite. In *Blum*, the plaintiff argued that Colorado's Sex Offender Lifetime Supervision Act ("SOLSA"), had created a protected liberty interest in sex offender treatment. *Blum*, at *9-10. The *Blum* court concluded that, because the plaintiff had been sentenced before SOLSA took effect, he was not subject to the statute's treatment provisions. In *Von Behren*, the Plaintiff claimed that he had been forced to answer incriminating questions while attached to a polygraph machine, violating his Fifth Amendment privilege against self-incrimination. Neither situation is present in this case. Therefore, the Court finds no basis in any of the cited cases to overturn its dismissal order.

## IV.    CONCLUSION

For the foregoing reasons, Melnick's Motion for Reconsideration (Doc. # 92) is

DENIED.

DATED: February 10, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge